Mr. Justice LirsooMB
delivered the opinion of the court.
This suit was brought by the appellant on the 29th day of August, 1844, against the defendant on two notes of hand, the first dated on the 17th day of May, 1838, payable six months after date, for eight hundred and seventy-one dollars and seventy-seven cents, and the second dated the 14th day of June, 1838, payable on demand.
The defendant pleaded several pleas, and among' others, the prescription of South Carolina and also the. prescription of this state. The contest in the court below seems from the record to have been on the statute of the state of South Carolina, pleaded under the 13th section of the statute-of limitations of this state. The section is in the words following, i. e.: “That no action shall be brought against any emigrant to the republic to recover a claim which was barred by the law of limitations of that country or state from which *416 lie emigrated.” Erom a bill of exceptions to the charge of the court, it appears that the jury were instructed that “although they might believe the defendant Crosby was a citizen of the republic of Texas at the date of the notes sued on, and had resided in Texas ever since the maturity of the said notes, if they believed from the proof the said notes were executed in South Carolina, and that the defendant had emigrated from that state, and the statute of South Carolina barred the claim in four years, the plaintiff could not recover.”
It appears from the, evidence that the defendant emigrated to Texas in 1S37, and had only returned on business to South Carolina in 1838, at which time he gave the notes sued on. According to the construction given by this court to the 13th section of our statute, it was intended to embrace cases where the statute of the state from which a defendant emigrated had interposed a bar before his emigration. In the case at bar, the defendant gave his notes after his emigration and after he had become a citizen of the republic. The charge of the judge in the court below on the statute of South Carolina, then, was erroneous. But there was also the plea of our own statute of four years; and according to the case of Gautier v. Franklin,[1] connecting the time the old statute of limitations had run on the notes with the time elapsed after the passage of our new prescription, more than four years had elapsed before the commencement of the plaintiff’s suit; consequently the suit was barred. Therefore, although there was error in the charge of the judge, the result would not be changed by another trial, and the judgment must, therefore, be affirmed

 Tex. 732.