## PETCHELL V. HOPKINS.

1. **Statute of limitations:** WHEN IT COMMENCES TO RUN. The statute of limitations of this State commences to run upon contracts executed and matured in other States from the time the defendant became a resident of this State. Rev., 1860, § 2745.

2. —— OF ANOTHER STATE OR COUNTRY. Under section 2746, Revision of 1860, the bar of another State or country to a cause of action sued on in this, must have been completed previous to the time the defendant became a resident of the State of Iowa.

*Appeal from Mahaska District Court.*

FRIDAY, JANUARY 19.

STATUTE OF LIMITATIONS: TIME HOW COMPUTED: NON-RESIDENCY OF DEFENDANT: FOREIGN STATUTE. — Action upon a note, of which this is a copy:

"$623$\frac{12}{100}$.                    ZANESVILLE, March 8th, 1843.

"Twelve months after date I promise to pay James "Stutson, or order, six hundred and twenty-three dollars "and twelve cents, for value received.

"(Signed)              JOHN Y. HOPKINS."

The amended petition, after alleging the indorsement of the note by the payee to the plaintiff, thus continues: "Defendant first became a resident of Iowa on the 31st day of December, 1853, previous to which last named day he (defendant) had never resided. in said State of Iowa, but always previous thereto had resided in and been a citizen of Ohio. Defendant, in the month of· October, 1862, was commissioned an assistant 'surgeon of the 33d regiment of Iowa volunteers, and served as such until August, 1865, during which time this cause has been continued."

(The present action was·brought in the Mahaska District Court, October 8, 1862.)

The answer alleges, in the first count thereof: " That at the time the action accrued on the note sued on, and at the time of the execution of the said note by the defendant, the plaintiff and defendant were both residents of the State of Ohio; that by the first section of the statute of Ohio, which took effect June 31st, 1831, the plaintiff's right of action is fully barred; that defendant did not assume and promise, as plaintiff, in his petition, alleges against him, within *fifteen* years last before the commencement of this action; that said first section of said Ohio statute is as follows: Section 1. All actions hereinafter mentioned shall be commenced within the several times hereinafter limited, after the cause of such action shall have·accrued, and not after. * * * Actions upon any agreement, contract or promise in writing within fifteen years.' "

"II. Defendant further answering saith, that the plaintiff's cause of·action did not accrue within five years from July 1st, 1851, and is fully barred by the laws of Iowa."

"III. Defendant further answering, saith, that plaintiff's cause of action did not accrue within ten years last

past before the commencement of this action, and is fully barred by the statute of Iowa."

To this answer, the plaintiff demurred, because :

1. It is not shown when the defendant became a resident of Iowa.

2. It is not averred or shown that the statute of Ohio had barred the debt sued on at the time the defendant left the State of Ohio.

· 3. The answer shows that the cause of action is not barred.

This demurrer was overruled; whether properly so, is the question which the plaintiff (who appeals) wishes decided by this court.

*Seevers & Williams* for the appellant.

*Z. T. Fisher* for the appellee.

DILLON, J. — By a peculiar provision of our statute (Rev., § 2962), it is enacted that the plaintiff, in his petition,

**1. STATUTE OF LIMITATIONS; when it commences to run.** may, in the first instance or by way of amendment, rely on, and state as cause of action, the matter displacing the apparent bar of the statute of limitations.

Accordingly, the plaintiff averred the time when the defendant ceased to be a resident of Ohio and first became a resident of Iowa. This was December 31, 1853. This averment of the petition is nowhere denied in the answer. The present action was brought within ten years after the time when the defendant became a resident of this State.

But it was not brought within fifteen years (the time mentioned in the Ohio statute pleaded), or within ten years (the time fixed by our statute) after the maturity of the note.

Now, the defendant must rely either upon the bar of the Iowa statute or of the Ohio statute. This has been deter-

mined by this court in the case of *Sloan* v. *Waugh* (18 Iowa, 224). And see, in addition to the authorities there cited, *Smith* v. *Crosby,* 2 Texas, 414, 1847; *Hays* v. *Gage,* Id., 501; 2 Kent Com., 462, 463; Story's Confl. Laws, 577; *Tupper* v. *Nash,* 1 Caines' Cases, 402. And see, also, cases cited below.

Our statute (§ 2740) makes ten years a bar to actions upon notes, but a subsequent section (2745,) declares that "the time during which a *defendant.* is a non-resident of the State, shall not be included in computing the period of limitation."

The action may, therefore, under section 2745, be brought at any time within ten years after the defendant becomes a resident of this State. *Pratt* v. *Hubbard,* 1 G. Greene, 9; and see *Darling* v. *Wells,* 1 Cush., 508, second case there reported, *Movart* v. *Bates; Tagart* v. *The State,* 15 Mo., 209; *Tissell* v. *Blackwell,* 6 N. H., 557; *Dwight* v. *Clark,* 7 Mass., 515.

Under sections 2740 and 2745, the action under the averments in the amended petition, as to residence of the defendant, was (so far as those sections are concerned), brought in time.

But it is by our statute further provided, that "when a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter, Rev., § 2746. It is upon this section that the defendant's counsel chiefly relies. The purpose and effect of this section have been considered in the case of *Sloan* v. *Waugh,* above cited, to which we refer.

Under this section the bar of the other State or country (if this be relied on) must be complete by the laws of such State or country. The cause of action must be "*fully* barred;" and it must be barred during the time the

*2. —— of another state or country.*

defendant has *resided* there, at least the bar must be complete previous to the time the *defendant* becomes a resident of Iowa. The defendant, "*previously*" to coming into this State, must have "*resided*" in another State, by the laws of which the cause of action must have been "*fully barred.*"

The action accrued in 1844. The Ohio statute required fifteen years to bar it—that is, it gave the plaintiff that period in which to sue in that State. The answer was defective in not showing when the defendant left that State, and became a resident of this: in other words, in not showing that the action was, by the laws of that State, fully barred before the defendant became a resident of this State.

In consequence of the defendant's leaving Ohio (as averred in the amended petition), the plaintiff did not have the full fifteen years given by the laws of that State in which to bring his action, since the claim was not fully barred by the laws of Ohio.

In consequence of the defendant not having been a resident of Iowa ten years before suit brought, the plaintiff was not barred by our statute. The court should have sustained the demurrer. For this reason, its ruling is reversed and the cause remanded, with leave to defendant to answer if he shall be so advised.

Reversed.