**SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE, Appellant,**

v.

**Otis C. SNELL, Jr., Appellee.**

No. 25967.

United States Court of Appeals
Fifth Circuit.

Sept. 22, 1969.

8. There is nothing in the record which indicates how much DeKalb paid to each plaintiff.

Louis C. LaCour, U. S. Atty., New Orleans, La., Edwin L. Weisl, Jr., Asst. Atty. Gen., Alan S. Rosenthal, Stephen R. Felson, Ronald R. Glanz, Attys., Dept. of Justice, Washington, D. C., for appellant.

Allen B. Pierson, Jr., Pierson & Pierson, Ponchatoula, La., for appellee.

Before COLEMAN and GODBOLD, Circuit Judges, and SCOTT, District Judge.

GODBOLD, Circuit Judge:

The Secretary of Health, Education and Welfare refused to include in the social security account of Otis C. Snell earnings he made as a school bus driver. Snell sought review in the district court, which granted summary judgment in his favor.[1] The Secretary appeals. We reverse.

In January, 1960 Snell began driving a school bus owned by Ponchatoula Elementary School, located in Tangipahoa Parish, Louisiana. He was at that time 57 years old. In 1964 he was notified that the pay he received for these services from 1960 through 1963 would not be credited to his social security account because the coverage of the Social Security Act did not extend to him in the performance of these services. He sought a hearing. The hearing examiner concluded that Snell's position as a bus driver for the Ponchatoula Elementary School was covered by the Louisiana retirement system, and, therefore, his services were not covered under § 218 of the Social Security Act, 42 U.S.C. § 418. The Appeals Council upheld the hearing examiner's decision. This action followed.

As originally enacted in 1935, § 210(b) (6) of the Act, 49 Stat. 625 [now § 210 (a) (7), 42 U.S.C. § 410(a) (7)], expressly excluded from social security coverage:

> Service performed in the employ of a State, a political subdivision thereof, or an instrumentality of one or more States or political subdivisions * * *.

This exclusion was deemed necessary to avoid the constitutional difficulties which would have arisen if social security taxes were levied upon a state.

In the 1950 amendments to the Act the general exclusion of state and local employees from social security coverage was continued in now 42 U.S.C. § 410(a) (7). But Congress provided that the exclusion was not to apply to "service included under an agreement under" § 218 of the Act, 42 U.S.C. § 418. In relevant part, the section provided:

> (a) (1) The Secretary of Health, Education, and Welfare shall, at the request of any State, enter into an agreement with such State for the purpose of extending the insurance system established by this subchapter to services performed by individuals as employees of such State or any political

1. Snell v. Secretary of Health, Education and Welfare, 275 F.Supp. 645 (E.D.La., 1967).

subdivision thereof. Each such agreement shall contain such provisions not inconsistent with the provisions of this section, as the State may request.

(2) Notwithstanding section 410(a) of this title, for the purposes of this subchapter the term "employment" includes any service included under an agreement entered into under this section.

While thus authorizing voluntary agreements between the Secretary and the states for the social security coverage of employees of state and local governments, Congress went on in 42 U.S.C. § 418(d) (1) to impose the important restriction which is crucial in this case:

No agreement with any State may be made applicable (either in the original agreement or by any modification thereof) to any service performed by employees as members of any coverage group in positions covered by a retirement system * * * on the date such agreement is made applicable to such coverage group * * *.

(emphasis added)

Thus, no state employee who was employed in a position covered by a state retirement system was to be made eligible for social security coverage under a federal-state agreement.

Pursuant to 42 U.S.C. § 418, the State of Louisiana entered into an agreement with the Federal Security Administrator on December 10, 1952,

to extend * * * the insurance system established by Title II of the Social Security Act as such Act has been and may from time to time be amended, to services performed by individuals as employees of the State of

Louisiana and as employees of any political subdivision of the State listed in the appendix attached hereto and made a part hereof, except services expressly excluded from this agreement.

The agreement excluded "any service performed by an employee in a position [which] * * * [is] covered by a retirement system."

Two years after the agreement with Louisiana was effectuated 42 U.S.C. § 418(d) (1) was amended. The amendment authorized but did not compel the extension of social security coverage, by federal-state agreement, to individuals who occupied positions covered by a state retirement system but were personally disqualified from participation therein. By reason of his age Snell was personally disqualified from participating in the Louisiana system. For a state to take advantage of the broadened federal coverage made possible by the Amendment it was required to modify its existing agreement. 42 U.S.C. §§ 418(c) (3) (C), 418 (c) (4) (B).[2] Louisiana's agreement was not so modified as to include within its ambit school bus drivers in Tangipahoa Parish who were under a personal disqualification from participation in the state retirement plan. Thus, as the district court recognized, the social security coverage of Snell turned upon whether the position he occupied was one within the state retirement plan. If it was he was excluded by the terms of the 1952 agreement.

We find no error in the conclusion of the Louisiana district judge that the facts of Snell's employment, measured by the provisions of Louisiana law, made his position that of "school bus driver." But

2. The 1954 amendment stemmed from a legislative recognition that a gap in retirement coverage existed for an employee who might be in a position covered by a state retirement plan but ineligible for membership therein because of a personal disqualification such as age. As stated by Congressman Reed of New York:

An important provision affecting State and local employees deals with those public workers who are working in positions covered by a retirement system but who were in fact ineligible because of age or some other factor to participate in the retirement program. The bill provides for covering these employees other than policemen and firemen without a referendum. State consent to such coverage for these employees will still be required. 100 Cong. Rec. 7418–7468, at 7427. (Emphasis added.)

from this point on we draw conclusions different from those of the district judge. His analysis was that under the provisions of Louisiana law most of the employees who drove busses for the Ponchatoula Elementary School were "covered" by the state retirement system and were not under some personal disqualifications such as Snell was, but that as a matter of practice their supervisor did not consider their positions as school bus drivers to be covered and did not make deductions from their salaries for contributions to the state system. Thus, the court concluded that, although Snell himself was disqualified, the actions of Snell's employer with respect to others performing the same task and not disqualified, operated to make the position which all occupied one "covered" in theory but not "covered in fact" by the state system. Underlying this conclusion is the view that 42 U.S.C. § 418, via the device of the federal-state agreement, is intended to extend federal benefits to all state employees who do not receive state retirement benefits. But coverage of state employees is the exception to a general rule. Thus 42 U.S.C. § 410(a) (7) excludes from participation in social security all state employees except those provided for in § 418 and two other minor categories.

The states are given considerable discretion in including and excluding under § 418 agreements. Only a state can initiate an agreement under § 418(a). By virtue of § 418(c), the state's request that certain categories of its employees be excluded from social security coverage must be honored. If the interpretation placed on § 418(d) by the district court were accepted, the states would be in the anomalous position of being able to exclude employees from participation in the state program on account of age, and to prevent their participation in social security by requesting the federal government that they not be included, § 418(c) (3) (C), but would have no power to keep persons in covered positions from participating in social security if their retirement contributions were not taken out of their paychecks. A "position covered by a state retirement system" cannot be transmuted into a position not covered by failure of the state to collect contributions from those holding the position. The statutory scheme does no more than give the state an opportunity to act so as to trigger federal benefits for its employees not receiving state benefits. We cannot infer from this a congressional guarantee of federal benefits where the state so fails to operate its system that those who are in covered positions and should receive state benefits do not do so. The thrust of the statute is opportunity for the state to bring its employees within reach of benefits, either state or federal, by an effectual state-triggered meshing of the systems. It is not one of federal commitment to close every state-caused loophole or hiatus in the state benefit system. The difficulties posed by a conclusion to the contrary are pointed up by the district court's opinion, which recognizes that the federal government has not received the contributions from Snell's wages to fund his benefits and recommends that the state come forward with the money to make the federal government whole so as to avoid being sued by HEW. The short answer to this problem is that the state's failure to treat the position of bus driver in Tangipahoa Parish as "covered" and its failure to amend the 1952 agreement so as to bring within the ambit of federal benefits persons such as Snell who are "covered" but disqualified, are matters between the state and its citizens.

Without prior notice to or leave of this court the appellant has attached to his brief what purports to be a letter from the Director of the State Employees Board, State of Louisiana, to the Assistant General Counsel of the Department of Health, Education and Welfare, which is in the nature of an ex parte administrative advisory opinion, containing conclusions of law and of facts adverse to various of Snell's contentions. The letter was written after the case was decided by the district court and after

notice of appeal was filed. Of course, it is not authenticated nor has Snell's counsel had an opportunity to cross-examine the apparent author or to ascertain the reasons that caused the letter to be written. This document, sought to be presented for our attention in this highly irregular manner, has not been considered in our decision of this case.

Reversed.