Kurt JOHNSON, Claimant-Appellee,

v.

CITY OF RED OAK, Employer-Appellant,

and

State of Iowa, Insurance Carrier-
Appellee.

No. 55115.

Supreme Court of Iowa.

May 11, 1972.

Philip C. Armknecht, Red Oak, for appellant, City of Red Oak.

LaVon E. Billings, Red Oak, and William H. Mecham, Omaha, Neb., for appellee, Kurt Johnson.

George W. Murray, Asst. Atty. Gen., for appellee, State of Iowa.

HARRIS, Justice.

This is an appeal in a workmen's compensation claim. The commissioner awarded the claimant a benefit under chapter 85, Code, 1966. On appeal the trial court set aside that award and granted the claimant a pension under chapter 410, Code, 1966. We can not entirely agree either with the commissioner or the trial court.

Claimant, Kurt Johnson, hereinafter called Johnson, was a policeman employed by the City of Red Oak. While so engaged August 17, 1969, he was injured when struck by an automobile while placing a barricade in the trunk of his police patrol car. He suffered the loss of his right leg above the knee.

Johnson filed his workmen's compensation claim under section 85.62, Code, 1966, which provided as follows:

"Any policeman (except those pensioned under the policemen's pension fund created by law), * * * who shall sustain an injury while performing the duties of a law-enforcing officer and from causes arising out of and in the course of his official duty, or employment as a law-enforcing officer, become temporarily or permanently physically disabled * * * shall be entitled to compensation for all such injuries or disability together with statutory medical, nursing, hospital, surgery * * * expenses, and where the officer is paid from public funds said compensation shall be paid out of the general fund of the state.

" * * *

"The industrial commissioner shall have jurisdiction as in other cases and it shall be the duty of the industrial commission to investigate and determine the compensability of the claims of such law-enforcing officers."

Section 85.1(4), Code, 1966 provided:

" * * * this chapter shall not apply to:

" * * *

"4. As between a municipal corporation, city, or town, and any person or persons receiving any benefits under, or who may be entitled to benefits from, any * * * 'policemen's pension fund' of any municipal corporation, city, or town * * * except as otherwise provided by law."

Chapter 410, Code, 1966, provided for disabled and retired firemen and policemen. Pensions under the chapter were to be funded as provided in section 410.1, Code, 1966. It provided:

"Any city or town having an organized fire department may, and all cities having an organized police department or a paid fire department shall, levy annually a tax not to exceed one-eighth mill for each such department, for the purpose of creating firemen's and policemen's pension funds. * * * "

Our determinations are not affected by important code changes enacted after this claim arose.[1]

To understand the statutes involved it will be necessary to outline briefly certain legislative history. The first retirement systems for policemen were established by chapter 62, Acts of the 33rd General Assembly in 1909. This act, with some modification, appears as chapter 410, The Code.

The workmen's compensation act, now chapter 85, The Code, was enacted in 1913 as chapter 147, Acts of the 35th General Assembly. A separate retirement system for policemen and firemen now appearing in chapter 411, The Code, was enacted as chapter 75, Acts of the 45th General Assembly—Extraordinary Session in 1934.

1. Provisions were added in section 85.1(4) and in new subsection 6 of that section to prohibit claimants who are entitled to benefits under chapter 411 from receiving additional benefits under chapter 85. Section 85.62 was repealed. Section 410.1 was amended to expressly bar chapter 410 as a remedy for injured policemen and firemen who entered employment after March 2, 1934.

No claim is made here under chapter 411. This claim arose as an ordinary workmen's compensation proceeding.

Because of the exclusory language in section 85.1(4) issue was joined on the question of whether Johnson should be excluded under chapter 85 for the reason he was entitled to disability compensation under chapter 410. The issue was disputed before the commissioner, the trial court, and on appeal before us.

The special provisions in section 85.62 were likewise disputed. The City of Red Oak claimed the section applicable so as to render the State of Iowa liable as insurance carrier. The State of Iowa took the position the section was inapplicable by reason of the exclusory language [2] therein contained. In this dispute the State also relied on the exclusory language appearing in section 85.1(4).[3]

It will be observed the exclusory words used in sections 85.1(4) and 85.62 are similar but not identical. The background for this dissimilarity is found in our holding in Dickey v. Jackson, 181 Iowa 1155, 165 N. W. 387. Dickey had been a policeman for the city of Des Moines who became disabled and received a monthly pension. Thereafter Dickey successfully made a workmen's compensation claim. The trustees of the Des Moines policemen's pension fund learned of the workmen's compensation award. They noted the provisions of the workmen's compensation law now 85.2, provided "the payment of compensation * * * for an injury sustained * * * shall be exclusive, compulsory, and obligatory * * *." Accordingly the trustees entered an administrative order terminating Dickey's disability pension. An appeal resulted in an allowance to Dickey of both the workmen's compensation award and reinstatement of his pension. We held the two chapters, now 85 and 410 not then to be mutually exclusive. We said, 181 Iowa 1155, 1160, 165 N.W. 387, 389:

"* * * The purposes of the case before us do not require us to attempt solution of the difficult question how far statutes dealing with these subjects may both stand and the benefits of both be enjoyed by the same individual. It would seem, however, under familiar principles, that if there be no express repeal of the earlier statute, *and no demonstrable inconsistency between such statute and the one of a later enactment,* both must be given effect according to their terms." (Emphasis supplied.)

The legislature had already supplied the "demonstrable inconsistency" invited in the language quoted. After the Dickey case arose, but before our opinion was filed, the legislature amended 85.1(4) by adding the words "or who may be entitled to benefits from." The effect of this amendment, adopted as chapter 418, Acts of the 37th General Assembly in 1917, was to render chapters 85 and 410 mutually exclusive.

■ I. As has been noted the industrial commissioner allowed the compensation claim for the stipulated 185 weeks and agreed medical expenses. On appeal to district court the argument was again made Johnson was not entitled to workmen's compensation for the reason he was covered or should have been covered under chapter 410, The Code.

The trial court rightly subscribed to this argument. The 1917 amendment removed Johnson from coverage under the workmen's compensation chapter. This removal of course encompassed those situations covered by section 85.62. He was removed for the obvious reason he was a person "who may be entitled to benefits from * * * (a) 'policemen's pension fund' of the city of Red Oak."

2. "except those pensioned under the policemen's pension fund created by law"

3. "this chapter shall not apply to: * * * any person * * * receiving any benefits under, or who may be entitled to benefits from, any * * * 'policemen's pension fund' * * *"

Red Oak, perhaps innocently, was in default of an express legislative mandate. See section 410.1, The Code, quoted above.

II. Red Oak argues it does not have an organized police department subjecting it to the provisions of chapter 410. But the stipulated facts disclose Red Oak has a police department consisting of seven full time policemen hired by the mayor with cooperation of the chief of police. Their salaries are fixed by the city council. There is a chain of command within the police department running from the mayor to police chief to assistant police chief to sergeant. The remaining officers are patrolmen. Members of the force receive a uniform allowance from the city. The city also furnishes necessary weapons, guns, night sticks, and equipment. The city maintains a police radio 24 hours per day. An argument is made the force is not organized for the reason it does not comply with the more formal organizational structure prescribed in chapter 411. The legislature intended no such limitation in the term "organized police department" as used in chapter 410, The Code. Chapter 410 does not express such a limitation. Also the term was used in chapter 410 for some 25 years prior to the enactment of chapter 411.

Johnson can not be denied a disability pension, nor can the city escape its statutory duty to levy, by reason of the funding problems facing the city. Whatever the failure or difficulties they are not chargeable to Johnson. There was no error in the trial court's finding the claimant was a person entitled to benefits payable under the policemen's pension fund.

III. We are compelled to agree the trial court erred in accordance with Red Oak's fourth assignment. However, our agreement is only a partial one. The trial court rightly held Johnson is entitled to a disability pension from the city of Red Oak. That holding resulted in excluding him from coverage on his workmen's compensation claim. There was no jurisdiction in this workmen's compensation appeal to enter a judgment awarding the disability pension. Nelson v. Iowa-Illinois Gas & Elec. Co., 259 Iowa 101, 143 N.W.2d 289. Since all parties were before the court and subject to its jurisdiction this error will be of limited ultimate harm to Johnson. It does however require reversal of the instant appeal.

IV. Our inability to enter judgment for the payment of the disability pension in this workmen's compensation appeal will not undermine our holding Johnson is entitled to it. This holding establishes his entitlement, all questions thereon being res judicata in connection with any future applications involving the same parties. 46 Am.Jur.2d, Judgments, section 415, page 581, also section 430, page 600, 50 C.J.S. Judgments § 723, page 209; Hutchinson v. Maiwurm, 162 N.W.2d 408 (Iowa 1968); Stucker v. County of Muscatine, 249 Iowa 485, 87 N.W.2d 452; Kuiken v. Garrett, 243 Iowa 785, 51 N.W.2d 149, 41 A.L.R.2d 1397.

We deem it appropriate in view of the limited scope and effect of the reversal ordered herein to specially tax the costs. It is ordered they be assessed three fourths to the city of Red Oak and one fourth to Johnson.

The case is remanded for entry of an order consistent herewith deleting the judgment entry against the city of Red Oak requiring it in this suit to compute, determine, and pay.

Affirmed in part, reversed in part, and remanded.

All Justices concur, except Mc-CORMICK, J., who takes no part.