The CITY OF WAVERLY,
Iowa, Appellee,

v.

IOWA DEPARTMENT OF JOB
SERVICE (IPERS), Appellant.

No. 85–756.

Supreme Court of Iowa.

March 19, 1986.

Walter F. Maley, Blair H. Dewey and Joseph L. Bervid, Des Moines, for appellant.

Gerald B. Carney, Waverly, for appellee.

William Sidney Smith and Ronald L. Mountsier of Smith, Schneider & Stiles, P.C., Des Moines, and Robert W. Peters, Carroll, for amicus curiae City of Carroll.

Considered by REYNOLDSON, C.J., and McGIVERIN, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

The pivotal question of law in this judicial review proceeding is whether two 1971 amendments to Iowa Code chapter 410 should be given retroactive effect. Prior to 1971, chapter 410 mandated that the city of Waverly and certain other Iowa cities provide a disability and pension fund for police and fire personnel. The district court, reviewing a declaratory ruling of the Iowa Department of Job Service (department), held that the amendments should not be given retroactive effect. That ruling sustained Waverly's contention that its police and fire personnel had continuously been covered by a chapter 410 public retirement system and were therefore exempt from participating in and contributing to the federal social security system. The department, as administrator of the federal social security system (to the extent it covers employees of the state of Iowa and its political subdivisions), appeals from the district court's ruling. We affirm.

Employees of states and their political subdivisions are only covered by the social security system to the extent provided by voluntary contracts entered into between each state and the federal government. 42 U.S.C. § 418(a)(1), (d)(1) (1982); *see Secretary of Health, Education and Welfare v.*

*Snell,* 416 F.2d 840, 843 (5th Cir.1969). On July 3, 1951, Iowa and the federal government entered into such an agreement through which many Iowa public employees were covered by the social security system. *See* Iowa Code ch. 97C; 42 U.S.C. § 418. This federal-state agreement provided social security coverage effective January 1, 1951, to many categories of state and local government employees, but a specific provision excepted from coverage employees "covered by a retirement system." The question we must answer is whether Waverly's police and fire personnel have been covered by a retirement system and therefore exempt from social security.

When the federal-state agreement took effect, the city of Waverly did not have a funded disability or pension plan. Waverly should have had such a plan. Because of its size and the fact that it had an organized police department and paid fire department, Iowa Code chapter 410 obligated Waverly to have a local police and fire disability and pension fund financed by annual levies on taxable property. *See John-son v. City of Red Oak,* 197 N.W.2d 548, 549–51 (Iowa 1972) (outlining legislative history of chapter 410 and holding that policemen were entitled to benefits of disability pension under chapter 410 even though city had neither established nor funded plan).

In 1971 the Iowa legislature amended Iowa Code chapter 410 in two respects. A new paragraph added to section 410.1 stated:

> The provisions of this chapter shall not apply to policemen and firemen who entered employment after March 2, 1934.

1971 Iowa Acts ch. 108, § 3. A separate amendment stated:

> Any rights that may have accrued to any person pursuant to chapter four hundred ten (410) of the Code prior to the effective date of this Act shall be preserved. This section shall not be printed as a permanent part of the Code.

*Id.* at § 4.

The department argues that our legislature intended those amendments to apply both prospectively and retroactively, eliminating chapter 410 retirement systems as roadblocks to social security coverage. The city contends, and the district court decided, that these two amendments were intended to have prospective effect only. The court concluded that Waverly, and its fire and police personnel, were exempt from social security coverage and entitled to refunds of contributions previously made to the social security system because of the above-quoted exception within the federal-state agreement for employees "covered by a retirement system."

▮ The department's declaratory ruling, issued pursuant to Iowa Code section 17A.9 (1983), answered what was in essence a legal question; the facts are not in dispute. In this judicial review proceeding we, like the district court, must decide whether the department's answer to that legal question was correct. *Foods, Inc. v. Iowa Civil Rights Commission,* 318 N.W.2d 162, 164–65 (Iowa 1982). We conclude that the district court correctly overturned the department's declaratory ruling and held exempt from social security coverage the city of Waverly and its police and fire personnel.

▮ Whether a statute is to be given retroactive or only prospective effect is a question of legislative intent. *Walker State Bank v. Chipokas,* 228 N.W.2d 49, 51 (Iowa 1975); *Krueger v. Rheem Manufacturing Co.,* 260 Iowa 678, 680, 149 N.W.2d 142, 143 (1967). Iowa statutes are presumed to be prospective in their operation unless expressly made retrospective. Iowa Code § 4.5 (1985). Nothing in the amendments to Iowa Code section 410.1 suggested an intent that they be applied retroactively. Indeed, the clarifying amendment, though not published in the Iowa Code, explicitly preserved all rights accrued pursuant to chapter 410 before it was amended, a clear indication that relationships and plans already established would run their course even though no new plans would be created.

■ Changes in the law which relate solely to procedure or remedies, in contrast to changes in substantive law, are usually applied both prospectively and retroactively. *See Schnebly v. St. Joseph's Mercy Hospital*, 166 N.W.2d 780, 782 (Iowa 1969). The district court correctly determined that the amendments to Iowa Code section 410.1 were substantive, not merely procedural or remedial. Section 410.1 shaped and defined pension rights for employees of the cities which it covered, and the 1971 amendments which curtailed application of that statute were as substantive as the rights and obligations created by its enactment. The legislature certainly did not intend retroactively to alter those substantive rights. *See Cunha v. City of Algona*, 334 N.W.2d 591, 597 (Iowa 1983) (amendment exempting counties from liability affected substantive rights and applied prospectively only); *Flake v. Bennett*, 261 Iowa 1005, 1011, 156 N.W.2d 849, 853 (1968) (upward adjustments in pension rates for certain public employees were substantive changes to be applied prospectively only).

Both the department and Waverly cite *Johnson v. City of Red Oak*, 197 N.W.2d 548 (Iowa 1972), to support their positions. In *Johnson* we held that a policeman was entitled to chapter 410 disability benefits even though the city had neither established nor funded a pension plan, because the legislature had expressly mandated that the plan be provided. *Id.* at 551. Although the 1971 amendments to chapter 410 were mentioned in the opinion and described in a footnote, we simply noted that the amendments were enacted after Johnson's claim arose and did not affect the result. *Id.* at 549. The department now contends that the footnote amounts to a holding that the 1971 amendments retroactively gutted chapter 410, because it stated in part:

> Section 410.1 was amended to expressly bar chapter 410 as a remedy for injured policemen and firemen who entered employment after March 2, 1934.

*Id.* at 549 n. 1. That reading is incorrect; the footnote was descriptive, not adjudicative.

*Johnson v. City of Red Oak* supports the position of Waverly, not the department. It teaches that cities like Red Oak and Waverly were obligated to pay chapter 410 disability and retirement benefits whether they had established a plan or not. As a consequence, police and fire personnel of Waverly were continuously covered by a retirement system mandated by statute from the effective date of the 1951 federal-state agreement, even though Waverly had established no formal plan. Iowa's contract with the federal government excepted employees "covered by a retirement system"; it thereby exempted Waverly and its police and fire personnel from social security coverage.

The department's declaratory rulings on this subject have primarily followed a 1974 opinion of the Iowa attorney general which advised affected cities that the 1971 amendments eliminated chapter 410 retirement plans retroactively. 1974 Op. Iowa Att'y Gen. 617, 624. In 1980, however, the Iowa attorney general issued an opinion which arrived at a contrary view:

> [T]he members of the Marion police and fire departments were covered by a retirement system in 1953, thus excluding them from social security coverage. The 1971 amendment to chapter 410 does not alter this result.

Op. Iowa Att'y Gen. (Aug. 10, 1980) at 4. (Marion and Waverly were similarly-situated cities.) We believe the latter view is based on sound reasoning which is entirely consistent with our *Johnson* opinion, the opinion of the district court, and our opinion in this case. The department erred in following the earlier opinion which applied the 1971 amendments retroactively.

Two federal decisions with facts strikingly similar to *Johnson* have also held that social security coverage of public employees depends on provisions of the applicable state-federal agreements rather than the funding of local retirement plans. *See Secretary of Health, Education and Welfare v. Snell*, 416 F.2d at 843 ("A 'position covered by a state retirement system' cannot be transmuted into a position not covered

by failure of the state to collect contributions from those holding the position."); *State of West Virginia v. Richardson,* [Sept. 1970—Jan. 1972 Transfer Binder] Unempl. Ins. Rep. (CCH) ¶ 16,455 (S.D. W.Va. Oct. 18, 1971) (holding policemen's positions, for which the State had provided a retirement system, could not be changed into positions not covered by such a system merely by failure of the city to comply with an express statutory mandate).

We affirm the district court's judicial review decision in all respects. The department should have declared the city of Waverly, and its police and fire employees, exempt from contributing to the social security retirement system. Because we uphold Waverly's contention that it is exempt from that system, we need not address its alternative contention that the department's declaratory ruling created classifications of cities which violated the equal protection provisions of our federal and state constitutions. We decide constitutional issues only when other grounds are not dispositive of an appeal. *George H. Wentz, Inc. v. Sabasta,* 337 N.W.2d 495, 498 (Iowa 1983).

AFFIRMED.