## SLOAN v. WAUGH.

1. **Statute of limitations:** ANOTHER STATE. In the absence of a statute to the contrary, the law is, that a debt, barred by the laws of the State in which it is contracted, is not, for that reason, barred in another State in which suit may be brought.

2. —— STATUTE. Under § 2746 of the Revision of 1860, such bar may be set up to any action brought in this State, when such bar was complete, under the laws of any State where the defendant has previously resided.

3. —— HOMESTEAD. A homestead. acquired after a debt was barred by the statute of limitations, and before it was revived by a new promise to pay, is not exempt from sale for its satisfaction.

*Appeal from Monroe District Court.*

TUESDAY, APRIL 4.

HOMESTEAD RIGHT, AS AFFECTED BY STATUTE OF LIMITATIONS: REVISION, § 2746, CONSTRUED: PETITION IN EQUITY TO RESTRAIN SALE OF HOMESTEAD ON EXECUTION. The cause was submitted to the court upon an agreed statement of facts, of which the following is a condensed but accurate abstract:

1st. The plaintiff and Wm. Sloan were married prior to June, 1857, and have ever since lived together as husband and wife.

2d. The property claimed as a homestead was acquired by Wm. Sloan in 1850, and has ever since been used as a home, and is now so used.

3d. In 1837 or 1838, William Sloan was indebted to Wm. P. Waugh (defendant's testator) in the State of North Carolina, where both parties then resided, this debt being evidenced by notes of hand.

4th. On the 20th day of June, 1857, in consideration of said previous indebtedness, and for no other consideration, Wm. Sloan executed to the defendant, as executor, a new promissory note of that date. [On the same day Wm.

Sloan executed to his wife, the plaintiff, a deed for the property which she now claims as the homestead.]

5th. On this note of June 20th, 1857, suit was brought against Wm. Sloan, and judgment rendered against him September 6th, 1859, by the District Court of Mahaska county, for $276, upon which execution issued, which was levied upon the property claimed as a homestead.

6th. Wm. Sloan has no other property subject to execution.

7th. The plaintiff and her husband, Wm. Sloan, removed to Iowa in 1848, and have resided here ever since.

It is agreed that if, upon the foregoing facts, the homestead is not liable to sale on the execution, it shall be perpetually enjoined, but if thus liable, the petition shall be dismissed at plaintiff's cost. The court below decided against the plaintiff, who appeals.

*James A. Seevers* for the plaintiff.

*Winslow & Lindley* for the defendant.

DILLON, J. — The statute (Rev., § 2281) makes the homestead liable to "sale on execution for debts contracted prior to the passage of this law (July 1st, 1851), or prior to the purchase of such homestead."

1. STATUTE OF LIMITATIONS: another State.

The debt to the defendant's testator was contracted in 1837 or 1838, which was a period long prior to the passage of the homestead act or the purchase of the homestead property.

The argument of the plaintiff's counsel is bottomed wholly upon the proposition that the defendant's debt was barred prior to the purchase of the homestead, or, at all events, was barred when the new note of June 20th, 1857, was executed; that, being barred, the debt did not exist; that the note of June 20th, 1857, *created a new debt of that date*, from which the property in question, being then and for

some years before the homestead, would be exempt. The proposition is not maintainable, either in fact or in law. There is nothing in the agreed statement showing that the debt was barred at the time the homestead was purchased, or when the new note was executed.

In the absence of a statute to the contrary, the law is, that a debt, barred by the statute of a State in which it was contracted, is not barred by the laws of another State in which suit may be brought. See leading and well-considered case of *Leroy* v. *Crowningshield*, 2 Mason C. C., 150–156, where the subject is extensively discussed by STORY, J., and *Crocker* v. *Avery*, 4 Am. Law Reg., 462.

Hence, a note might be barred against the maker in North Carolina, and he afterwards removing to Iowa, where the limitation time was longer, could not plead the North Carolina statute in bar. It was to obviate this effect, and to settle any question of this nature which might be supposed to exist, that section 2746 of the Revision was enacted.

2. —— statutes.

That section is as follows: "When a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as if it had arisen under the provisions of this chapter."

To enable a party to avail himself of this section, he must show that he has, previously to his removal to Iowa, resided in another State, by the laws of which the cause of action "has been *fully* barred."

It is not shown that there is any statute of limitations in North Carolina, nor that the note was barred thereby. The maker of the note in question was not, therefore, entitled to the benefit of section 2746, above quoted.

He had not resided in Iowa, at the time the new note was given, sufficiently long (ten years) to enable him to plead the Iowa statute in bar. Rev., § 2745. He must rely

Sloan v. Waugh.

upon either the domestic or foreign bar. Under our statute, as it stands, a defendant cannot weld the time which elapsed before he came to the State, to that which elapsed after he came to the State, and thus, by this annexation or addition, obtain the number of years requisite to amount to the limitation period provided by law. It is clear, then, that this debt was not barred by the Iowa statute. It is not shown by the plaintiff that it was " fully barred by the laws of any other State where the debtor had previously resided."

In any view of the case, then, so far as shown in this record, it was a debt, a subsisting, enforceable debt, contracted prior to the purchase of the homestead. The homestead was, consequently, liable to be sold to pay it.

II. If it be assumed or admitted, for the argument, that 3. —— homestead. the original debt was barred, this would present a new, but not to our minds a difficult, question upon the homestead act.

A debt, though barred, is still a debt. If it has not been paid, there is a moral obligation upon the debtor to pay. This moral obligation, so far from being weakened or destroyed, acquires rather an additional force and strength from protracted delinquency.

We recognize the principle that the homestead act is to be liberally expounded, but it is not to be strained or stretched to cover cases not within either its letter or its policy. Creditors have rights, as well as debtors. Courts stand between the two, to administer the law *just as it is*, with even-handed impartiality, and even without sympathy.

It was never intended by the homestead act that a subsequent homestead right should override and control the moral obligation of a debtor to renew an unpaid debt, and to pay the same when of sufficient ability to do so.

In either view of the case, we are of the opinion that the petition of the plaintiff was properly dismissed.

Affirmed.