## LLOYD v. PERRY.

1. **Statute of limitations:** WHERE CAUSE OF ACTION HAS BEEN PREVI-
OUSLY BARRED. Where a cause of action has been barred by the laws
of any other State or country, where the defendant has previously
resided, such fact will constitute a good defense to the action here.
The only exception to this rule of the statute is that created by sec-
tion 10, chapter 167, Laws of 1870, providing that it shall not apply
to causes of action arising within the State.

2. —— That the defendant came to this State, from the State where
the debt was contracted, resided here for a time, then removed to
the State by the laws of which the debt became barred, and from
whence he subsequently returned to, and again became a resident of,
this State, does not bring the case within the exception above
referred to.

*Appeal from Wapello Circuit Court.*

THURSDAY, JULY 27.

ON the 8th day of April, 1856, the defendant executed
to the plaintiff, in Portsmouth, Ohio, both being then
citizens of that State, where the plaintiff has still continued
to reside, and still resides, his promissory note for $101.50,
payable three months after date; no part has been paid.
Shortly after the note was executed, and in 1856, defend-
ant removed to Iowa, and remained till in 1858, when
he removed to Kansas, became a citizen there and remained
till 1868, and in June of that year returned to Iowa.   By
the statutes of limitations of Kansas, during defendant's
residence there, an action, upon a note executed outside of
that State, was barred in two years.   This action is upon
the note, and the defense is the statute of limitations.
Upon the above, as the agreed facts, the circuit court gave
judgment for defendant.   The plaintiff appeals.

*Hutchison & Hackworth* for the appellant.

*Hendershott & Burton* for the appellee.

Cole, J. — That the action was barred by the statute of limitations of Kansas, if the action had been brought there, is not controverted; for the defendant resided there not only two years, the period fixed by the Kansas statute, but about ten years. By our statute, the limitation is ten years (Rev., § 2740); and the time during which a defendant is a non-resident is not included (Rev., § 2745); so, it is equally clear that, by these sections, the action is not barred here. It is, however, further enacted (Rev., § 2746): "But when a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter." By section 10, chapter 167 of Laws of 1870, this sentence is amended by adding: "But this section shall not apply to causes of action arising within this State."

The point made by appellant is, that defendant cannot rely upon the Kansas statute, having been a resident of this State before he went to Kansas. In our view this fact makes no difference, since the cause of action did not arise in this State, and the plaintiff was not a citizen here with the defendant during his residence. The question is, not what would the courts have held, upon common-law principles, as respects the *lex loci contractus* or *lex fori* applicable to the contract sued on, but what is the proper construction of the statute? The agreed facts show that the cause of action did not arise within this State, and that the defendant has previously resided in Kansas, by the laws of which country the cause of action has been fully barred. Indeed, there seems to be no room for construction; the language of the statute is too plain, and the case too clearly within it, to admit of any doubt as to its construction. The cases of *Sloan* v. *Waugh*, 18 Iowa, 226, and *Petchell* v. *Hopkins*, 19 id. 535, are in perfect accord with this holding. There is nothing in either of those cases

intimating that a former residence in Iowa, "previously to his removal" to it again from another State whither he had gone, would defeat his right to the benefit of this section of the statute of limitations. Neither of the cases say "previously to his *first* removal," nor does the statute say so. Any other construction of the statute, than as herein given, would make a residence in Iowa a misfortune — contrary to all experience.

Affirmed.