## THOMPSON v. READ.

1. **Statute of Limitations**: AMENDMENT OF. The amendment of the statute of limitations will not act retrospectively to revive an action already barred.

2. ———: ———: RULE APPLIED. An action upon a note executed in this State was barred by the statutes of Minnesota where defendant had resided: *Held*, that the enactment of Sec. 10, Chap. 167, Acts of Thirteenth General Assembly, would not operate to remove the bar.

*Appeal from Clayton District Court.*

FRIDAY, JUNE 18.

ACTION upon promissory notes; defense, that the action was barred by the statute of limitations. The cause was submitted to the court upon the following agreed statement of facts:

"The notes described in the petition were given for borrowed money, and the transaction was in Iowa. The plaintiff resided in Iowa at that time, and ever since. The defendant then resided in Minnesota, but was temporarily stopping in Iowa at the time the notes were given. She resided in Minnesota continually for fourteen years after the notes were given and became due, and has resided in Iowa only for three years last past."

The statute of limitations contained in the revised statutes of Minnesota of 1866 was also given in evidence. Judgment was rendered for plaintiff for the amount of the notes and interest. Defendant appeals.

*Stoneman & Chapin* and *S. K. Adams*, for appellant.

*R. E. Price* and *J. O. Crosby*, for appellee.

BECK, J.—The only question presented by the record in this case for our determination is this: Was recovery upon the notes barred by the statute of limitations when the action was commenced?

The period of limitation prescribed by the statute of Min-

nesota upon promissory notes is six years. Twice this time had expired after the maturity of the paper in suit, during all of which time the defendant had resided in that State.

I. The statute of limitations of this State contains the following provisions: "The time during which a defendant is a non-resident of this State shall not be included in computing any of the periods of limitation above prescribed." Rev., § 2745. "But when a cause of action has been fully barred by the laws of any country where the defendant has previously resided, such bar shall be the same defense here as though it had arisen under the provisions of this chapter." § 2746. The last section quoted was amended by chapter 167, acts Thirteenth General Assembly, § 10, by adding these words thereto, " this section shall not apply to causes of action arising within this State."

We will consider these provisions as they stood before the amendment, and inquire into the effect of the amendatory clause.

II. Section 2745, by its terms, excludes from consideration the time of the absence of a defendant from the State. Without the succeeding provision the time of such absence, whatever it might be, would not create a bar to an action here. But Sec. 2746, in express words, declares that when the action has been fully barred by the laws of another country where the defendant has resided, the action in this State shall be barred. These sections, taken together, provide that the time of the residence out of the State, if the action has not been fully barred by the law of defendant's place of residence, is not to be reckoned in determining whether the period of limitation has expired under the laws of this State. But if the action is fully barred by the law of the place of residence of defendant while out of the State, then the action is fully barred here. With the policy of these provisions, of course, we have nothing to do further than it may throw light upon the question of their interpretation. The legislature, doubtless, intended by the last provision to preserve the rights and condition of defendants in actions as they had been recognized and settled by the laws of the coun-

1. STATUTE OF limitations: amendment of.

tries where they had previously resided; a result, certainly, in accord with the priciples of comity prevailing among the States of this Union. The interpretation we adopt gives force to both sections and is required by the plain language used and its obvious meaning. See *Sloan v. Waugh*, 18 Iowa, 224; *Petchell v. Hopkins*, 19 Iowa, 531; *Lloyd v. Perry*, 32 Iowa, 144.

III. Under the amendment of section 2746, above quoted, its provisions do not extend to causes of action arising within this State. It is presumed that the language was intended to apply to actions arising upon contracts executed in this State, and it is so construed. It will be remembered that when this amendment was incorporated in the statute, which was in 1870, actions upon the notes in suit had been fully barred by the laws of Minnesota, the place of residence of defendant. Does the amendment restore to plaintiff the right of action, notwithstanding it had been fully barred by the statute of Minnesota and the law of this State?

Under the statute of Minnesota, the rights of the parties were fixed by the expiration of the time limited for the commencement of an action on the notes. These conditions were, by that statute, such that plaintiff could maintain no action upon the notes against defendant. Under the law of Iowa, plaintiff's right to bring the action was cut off. A repeal or an amendment of the law could not change the condition of the parties already fixed by the law. The repeal of a statute of limitation, and of course an amendment thereof, cannot act retrospectively so as to disturb rights acquired thereunder and deprive parties of protection to which they were fully entitled under the prior enactments. Actions barred under the statute are not revived upon its repeal. *Norris v. Slaughter*, 19 Green, 338 (346); *Specker v. Wakeley*, 11 Wis., 432; *McKinney v. Springer*, 8 Blackf., 506; *Stepp v. Brown*, 2 Ind., 647; *Davis v. Monroe*, 1 How., Miss., 183; *Wiers & Peck v. Farr*, 25 Vt., 41; *Shelley v. Gray*, 11 Wheat., 361; *Woast v. Warnecke*, 3 N. H., 478.

In this State the repeal of a statute cannot affect any right which has accrued or has been established. Rev., § 29, Code,

§§ 45, 50. It would appear that this provision protects a party from liability upon a cause of action fully barred under the statute of this State by the repeal of such statute or by an amendment operating to restrict its application.

IV. Certain language found in *Lloyd v. Perry*, 32 Iowa, 144, is referred to by plaintiff's counsel as bearing a construction to the effect that the amendment to § 2746 of the Revision, applied to. cases which had been already barred by the original enactment. But no such question was before the court in that case, and certainly the point was not decided. Nor do we think the language is capable of the construction put upon it by counsel.

V. Counsel for plaintiff also claim that, as the Minnesota statute of 1866 took effect in that year, and contains no saving clause for the benefit of debtors, to the end that time under the prior statute should be reckoned as of the period of limitation of the new enactment, the period of limitation prescribed by that statute, six years, had not, therefore, expired when the amendment to our statute, § 2746, took effect. But the Minnesota statute of 1866 is a revision of prior statutes, and the limitation of actions, as prescribed therein, is but a continuation of a prior enactment, which is not repealed. See Rev. Statutes of Minnesota, p. 451, § 6, p. 676, §§ 9 and 7; Statutes of Minnesota, 1851, Chap. 70, p. 330, § 6.

These views guide us to the conclusion that the action was barred by the statute of limitation. The judgment of the District Court is, therefore,

REVERSED.