Paul CONNOR, Appellant,

v.

CIVIL SERVICE COMMISSION OF the CITY OF DUBUQUE, Appellee.

No. 60866.

Supreme Court of Iowa.

May 17, 1978.

J. Wilson McCallister, of Cooney, McCallister & Zwack, Dubuque, for appellant.

Barry A. Lindahl, Dubuque Asst. City Atty., for appellee.

Considered by MOORE, C. J., and Le-GRAND, REES, HARRIS and McCORMICK, JJ.

MOORE, Chief Justice.

Plaintiff-policeman appeals from district court judgment annulling writ of certiorari and affirming decision of Dubuque Civil Service Commission wherein he was suspended for 15 days without pay. We reverse and remand with directions.

On December 27, 1976, Dubuque Police Officer Paul Connor was suspended from duty for 30 days without pay by his Chief of Police because of an unauthorized absence from work the previous day. The suspension was modified and reduced to 15 days by the City Manager on January 3, 1977. Connor appealed to the Civil Service Commission as provided by Code section 400.20 and requested a hearing because he felt the length of his suspension was unduly harsh.

A civil service hearing was held on January 27, 1977 before two of the three members of the commission. Connor did not challenge the third member's absence. At the hearing he admitted that he had overslept on the day in question. The commission subsequently issued its decision, signed by two of the commission's members, finding Connor had committed the offense of unauthorized and unexplained absence from duty. While both commissioners found a suspension was warranted, they were unable to agree on the length of the suspension. One commissioner voted to modify and reduce the suspension from 15 to 7 days; the other commissioner voted to sustain the 15-day suspension imposed by the

City Manager. Because of this deadlock the commission concluded:

"IT IS THEREFORE ORDERED that in view of the fact that the Commission is equally divided and no majority decision being obtainable, that the appellant's appeal is denied by operation of law and the decision of the City Manager affirming the suspension of Police Officer Paul Connor for a period of fifteen (15) days without pay would appear to be affirmed by operation of law. * * *."

Connor then requested the commission to nullify the order, reduce the period of suspension or schedule a rehearing with all three members of the commission present on the ground there was no "majority ruling" of the commission as required by section 400.18. This request was denied.

The case was submitted to the court on the record made before the commission. The court concluded the commission did not act illegally and, in any event, Connor waived any objection to the third commissioner's absence. The court then annulled the writ and affirmed Connor's 15-day suspension. This appeal followed.

I. The trial court below partially based its decision on preservation of error grounds. The court reasoned that by proceeding to hearing without objecting to the absence of one commissioner, plaintiff waived any error. We disagree.

 Generally in certiorari actions this court will not review questions not presented to the inferior tribunal. *Lenertz v. Municipal Court of City of Davenport*, Iowa, 219 N.W.2d 513, 515, and citations. However, here the error alleged, that no majority vote was reached, was not apparent until after the commissioners' order was filed. Therefore the issue was raised at the earliest possible time. *State v. Pelelo*, Iowa, 247 N.W.2d 221, 225. Furthermore, the claimed defect is one, which if true, deprived the commission of the power to act and thus could be considered even in the absence of timely objection. *Guenther v. Morehead*, S.D.Iowa, 272 F.Supp. 721, 724, and citations. Thus the issue was properly before the trial court.

 II. The decisive issue here is whether Connor was legally suspended by the Civil Service Commission where two out of three members of the Civil Service Commission presided at the hearing, the two agreed to suspend the employee, but did not agree on the length of the suspension.

Code section 400.18 provides:

"No person holding civil service rights as provided in this chapter shall be removed, demoted, or suspended arbitrarily, except as otherwise provided in this chapter, but may be removed, demoted, or *suspended after a hearing by a majority vote of the civil service commission*, or neglect of duty, disobedience, misconduct, *or failure to properly perform his duties.*" (Emphasis supplied.)

Plaintiff contends there was no majority vote as to period of suspension and thus the commission's order was illegal. We agree. Clearly the statutory requirement of a "majority vote" was not satisfied. To hold otherwise would be in contravention of the obvious meaning of section 400.18.

 III. Despite the disagreement of the two commissioners they concluded the City Manager's 15-day suspension was affirmed by operation of law. Appeal counsel cite Code section 684.10 which provides that where this court is evenly divided the case is affirmed by operation of law. Reliance on this statute is misplaced. By its plain language it refers to this court, not to administrative tribunals.

 IV. Rule 316, Rules of Civil Procedure provides:

"Unless otherwise specially provided by statute, the judgment on certiorari shall be limited to sustaining the proceedings below, or annulling the same wholly or in part, to the extent that they were illegal or in excess of jurisdiction, and prescribing the manner in which either party may proceed further, nor shall such judgment substitute a different or amended decree or order for that being reviewed."

Trial court should have ordered the matter remanded to the Civil Service Commission for further proceedings regarding period of suspension and erred in failing to do so.

On remand we note that although the third commissioner was not present when the hearing was held, this does not necessarily preclude him from participating in the decision. There is authority that a commissioner may act officially on the basis of the written record alone. *Schrewe v. Sanders*, Mo., 498 S.W.2d ,775, 778.

The judgment of the district court is reversed with directions for the court to remand this matter to the Civil Service Commission for further proceedings consistent with our holding herein.

Costs of this appeal are to be taxed against the City of Dubuque.

REVERSED AND REMANDED WITH DIRECTIONS.