Mary Agnes SCHULTE, Individually and as Next Friend of Todd Christopher Schulte, Appellants,

v.

Thomas WAGEMAN, Appellee.

No. 89–1438.

Supreme Court of Iowa.

Jan. 23, 1991.

Robert Kohorst, Harlan, for appellants.

Ken Sojka of Buckley & Sojka Law Offices, Harlan, and Scott H. Hughes, Council Bluffs, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, NEUMAN, and SNELL, JJ.

SNELL, Justice.

This appeal and cross-appeal arose out of the filing and subsequent dismissal of a paternity action. Although several issues are raised, at the heart of this matter is the question whether former Iowa Code section 675.33 stands as a bar to appellants' action. We conclude that it does not, and therefore reverse the district court's dismissal favoring the appellee.

The facts are undisputed. On or about February 21, 1970, Thomas Wageman (Wageman) had sexual intercourse with Mary Schulte (Mary). Mary alleges she became pregnant as a result. Thereafter, on November 13, 1970, Mary gave birth to a son, Todd Christopher Schulte (Todd). Mary was sixteen years old when she gave birth to Todd.

The following year, on November 9, 1971, an agreement was entered into between Mary's parents, on behalf of Mary and Todd, and Thomas Wageman whereby Wageman agreed to pay the Schultes $5500 and the Schultes, in turn, agreed not to institute a paternity action against Wageman.

Three days before Todd's eighteenth birthday, on November 10, 1988, Mary filed suit individually and as next friend of her son, Todd, to establish the paternity of Todd by defendant Wageman. In her petition, Mary prayed that defendant be judicially declared the father of Todd; that defendant be compelled to pay for the future support and care of Todd; and to compensate Mary for the years in which defendant had not contributed any support.

After hearings on the numerous motions filed by both parties, the district court ultimately dismissed the action on Wageman's motion for summary judgment. The court reasoned that because the case was not brought within the two-year statute of limitations contained in former Iowa Code section 675.33 (1966), appellants are barred from bringing it now. Schulte appeals and Wageman cross-appeals.

■ Our standard of review is determined by the nature of the trial proceedings. *See Heyer v. Peterson,* 307 N.W.2d 1, 5 (Iowa 1981). More conclusive of the nature of our review here is the fact that paternity cases under chapter 675 are to be conducted "as in other civil cases." Iowa Code § 675.18 (1989). Our review is therefore only upon assigned error, not de novo. *Heyer,* 307 N.W.2d at 4.

Appellants contend the district court erred in dismissing their paternity action because the case was not brought within the two-year statute of limitations contained in former Iowa Code section 675.33. The district court concluded that even though section 675.33 was judicially declared unconstitutional and later repealed by the legislature, the statute of limitations contained therein was in force and effect at the time of Todd's birth and therefore barred this action. We find this conclusion to be incorrect.

■ Statutes of limitation are justified by necessity and convenience. They have always vexed the philosophical mind since it is difficult to fit them neatly into a completely logical and symmetrical system of law. They represent expedients, rather than principles. They are practical and pragmatic devices used to spare our courts from the added burden from the litigation of stale claims, and the citizen from the need to defend after memories have long since faded, witnesses have died or disappeared, and evidence lost. *See Order of R.R. Telegraphers v. Railway Express*

*Agency,* 321 U.S. 342, 349, 64 S.Ct. 582, 586, 88 L.Ed. 788, 792 (1944).

In *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 1142, 89 L.Ed. 1628, 1635 (1945), the Supreme Court held that:

[Statutes of limitation] are by definition arbitrary, and their operation does not discriminate between the just and the unjust claim, or the voidable and unavoidable delay. They have come into the law not through the judicial process but through legislation. They represent a public policy about the privilege to litigate. Their shelter has never been regarded as what now is called a "fundamental" right or what used to be called a "natural" right of the individual. He may, of course, have the protection of the policy while it exists, but the history of the pleas of limitation shows them to be good only by legislative grace and to be subject to a relatively large degree of legislative control.

The Court also held in *Campbell v. Holt,* 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885), that where a lapse of time has not vested a party with title to real or personal property, a state legislature, consistent with the fourteenth amendment, may repeal or extend a statute of limitations, even after the right of action is barred thereby, restore to the plaintiff her remedy, and divest the defendant of the statutory bar.

The statute of limitations which governed paternity actions at the time of Todd Schulte's birth was former Iowa Code section 675.33. This section provided for a period of two years from the birth of a child in which to commence a paternity action. However, in *State ex rel. Rake v. Ohden,* 346 N.W.2d 826 (Iowa 1984), we found this two-year statute of limitations in violation of the equal protection clause of the fourteenth amendment to the United States Constitution, and therefore declared it unconstitutional. Following this decision, section 675.33 was repealed by the 71st General Assembly. *See* 1985 Iowa Acts ch. 100, § 12.

Wageman contends that notwithstanding this court found section 675.33 to be uncon-stitutional, and the legislature's repeal of the statute, the district court was nevertheless correct in dismissing appellants' cause of action since the statute of limitations contained in section 675.33 was in force and effect at the time of Todd's birth.

 We have previously commented on the nature of statutes limiting causes of action.

" 'Strictly speaking, a statute of limitation affects the remedy not the right. A general limitation statute is defined in 34 Am.Jur., Limitation of Action, sec. 3, to be "... the action of the state in determining that after a lapse of a specified time a claim shall not be enforceable in a judicial proceeding." ' "

*Bennett v. Ida County,* 203 N.W.2d 228, 236 (Iowa 1972) (quoting *Boyle v. Burt,* 179 N.W.2d 513, 515 (Iowa 1970)).

We have also stated that statutes of limitation affect the remedy only, and that the forum ordinarily governs. "It is a statute of repose, one of presumption of nonexistence, or payment or discharge of the cause of action, and does not destroy the cause of action." *Williams v. Burnside,* 207 Iowa 239, 243, 222 N.W. 413, 415 (1928); *cf. Newgirg v. Black,* 174 Iowa 636, 647, 156 N.W. 708, 711 (1916). Thus, the running of the statute of limitations generally bars the remedy to which it applies but does not extinguish or impair the cause of action. We therefore hold that the statutory bar having been extinguished by the legislative repeal of the statute of limitations, the action may once again proceed as if the statute of limitations had never existed. Regrettable as the long delay in bringing this action may be, we find no basis for applying the unconstitutional and now repealed statute of limitations contained in former Iowa Code section 675.33 to cut off the rights of the appellants.

Additionally, since appellants' chapter 675 action is not barred by former Iowa Code section 675.33, appellants may not only bring their action under chapter 675, but also under chapter 252A (1966), since neither action excludes the other. *See* Iowa Code §§ 252A.8 and 675.7 (1966). Moreover, in *Stearns v. Kean,* 303 N.W.2d

408, 412 (Iowa 1981), we pointed out that section 675.33 has no effect on chapter 252A proceedings. We then went on to hold that the general statute of limitations, Iowa Code § 614.1(4), also does not bar chapter 252A proceedings because of the operation of the minority tolling provision of Iowa Code section 614.8. *Id.* at 413.

In the motion for summary judgment and motion to adjudicate law points Wageman raises other issues of defense. Since the trial court did not rule on them, we do not address these issues.

REVERSED AND REMANDED.