Linda FRIDERES, Dean Frideres, Mollie Baas, By Her Next Friend Linda Frideres, and Danielle Frideres, By Her Next Friend, Linda Frideres, Plaintiffs,

v.

Marlin SCHILTZ, Kathryn Schiltz, Kenneth Schiltz, and Richard Schiltz, Defendants–Movants.

No. 85/94–400.

Supreme Court of Iowa.

Nov. 22, 1995.

Iris E. Muchmore, James A. Gerk, and Webb L. Wassmer of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, and Richard A. Glynn of Holland, Brantseg & Glynn, Sisseton, South Dakota, for defendants-movants.

Roxanne Barton Conlin and Thomas J. Duff of Roxanne Conlin & Associates, P.C., Des Moines, for plaintiffs.

SNELL, Justice.

This case is considered pursuant to the Uniform Certification of Questions of Law Act, Iowa Code chapter 684A. The United States District Court for the Northern District of Iowa has certified to us questions of Iowa law which we now address.

### I. Factual Background

In December of 1988, Linda Frideres, the plaintiff, told a priest that her brother had sexually abused her when she was a child. In 1990, Linda saw a clinical psychologist at the request of her physician. Linda's physician requested a complete psychological evaluation of Linda. In the course of the evaluation, Linda informed the psychologist that her father had beat her up and made "a couple of sexual advances" toward her and that one of her older brothers had sexually molested her. She also said she did not feel the sexual abuse had affected her as an adult.

At some point prior to beginning the therapy, Linda began to experience suicidal tendencies, compulsive urges to have order, a need for self-injury to relieve stress, depression, fatigue, numerous fears, and marital difficulties. After she began the therapy, she admitted herself to the Golden Valley Health Center in December of 1990. While at Golden Valley, Linda allegedly began having flashbacks of sexual, physical, verbal, and psychological abuse and events in her childhood.

Linda has had some memory of the alleged abusive incidents for her entire life, but claims that only in about 1990 did she begin to tie her psychological problems to the incidents of alleged abuse. In September of 1991, Linda and her husband filed a complaint in the United States District Court for the Northern District of Iowa against Linda's parents and Linda's two brothers.

Linda's eighteen count complaint asserts claims of assault, battery, sexual abuse, and intentional infliction of emotional distress against her father. The complaint raises claims of battery and intentional infliction of emotional distress against her mother. Against both parents, the petition asserts claims of intentional failure to protect, negligent failure to protect, and premises liability. Against one brother, the complaint asserts claims of assault, battery, sexual abuse, and intentional infliction of emotional distress. Finally, Linda's petition charges her other brother with assault, battery, sexual abuse, and intentional infliction of emotional distress. Linda's husband asserts a claim of loss of spousal consortium against all defendants.

The defendants filed two motions for summary judgment in the district court asserting several grounds for judgment as a matter of law in their favor. The plaintiffs resisted all of the defendants' contentions. After oral argument, the district court decided the matter involves issues on which Iowa appellate courts have not ruled. Therefore, pursuant to Iowa Code chapter 684A (1993), the district court has certified nine questions to this court.

The certified questions are as follows:

(1) As a matter of statutory construction and legislative intent, does Iowa Code § 614.8A apply retroactively to a claim that would otherwise be barred by the applicable statute of limitations in existence prior to the enactment of § 614.8A?

(2) If the answer to (1) is "yes," does the retroactive application of Iowa Code § 614.8A violate the Due Process Clauses of the Constitution of the State of Iowa and the Constitution of the United States?

(3) If the answer to (2) is "no," does Iowa Code § 614.8A violate the Equal Protection Clauses of the Constitution of the State of Iowa and the Constitution of the United States?

(4) If the answer to (3) is "no," as a matter of statutory construction does the phrase "An action for damages or injuries suffered as a result of sexual abuse" contained in Iowa Code § 614.8A encompass claims other than a direct claim of sexual abuse, which in our case are Counts III, VII, X, such as the claims for assault we have in Counts I, V; and battery such as we have in Counts II, VI, IX, XII; and intentional infliction of emotional distress such as we have in Counts IV, VIII, XI, XIII; and intentional failure to protect such as we have in Count XIV; and negligent failure to protect such as we have in Count XV, and premises liability such as we have in Count XVI, and loss of spousal consortium such as we have in Count XVII.

(5) If the answer to (4) or any part thereof is "yes," is Iowa Code § 614.8A impermissibly vague in violation of the Constitution of the State of Iowa and the Constitution of the United States with respect to the phrase "An action for damages or injuries suffered as a result of sexual abuse" contained in Iowa Code § 614.8A?

(6) Is the discovery rule of *Chrischilles v. Griswold*, 260 Iowa 453, 150 N.W.2d 94 (1967), and its progeny, including *Callahan v. State*, 464 N.W.2d 268 (Iowa 1990), available to a person who has always remembered (since the date of occurrence) some specific alleged act or acts of sexual abuse?

(7) Does Iowa law recognize a cause of action against a parent for negligent failure to protect?

(8) If the answer to (7) is "yes," are defendants Marlin and Kathryn Schiltz entitled to parental immunity with regard to plaintiff's claims for negligent failure to protect as pled in Count XV of plaintiff's complaint?

(9) Are defendants Marlin and Kathryn Schiltz entitled to parental immunity with regard to plaintiff's claim for premises liability as pled in Count XVI of plaintiff's complaint?

II. Retroactivity of Section 614.8A

A. Linda alleges the last incident of sexual abuse occurred in approximately 1967. At the time of this last incident, the two year period of limitations located in Iowa Code section 614.1(3) (1966) would have governed Linda's ability to bring a tort action for personal injury. However, because Linda was a minor in 1967, section 614.8 would have tolled the running of the period of limitations so that it would have expired one year after she attained the age of majority under normal conditions. Iowa Code § 614.8 (1966). Pursuant to the 1966 code, individuals attained majority at age twenty-one or upon marriage. Iowa Code § 599.1 (1966). Linda was married on August 19, 1972. However, in 1972, the Iowa legislature reduced the age of majority to nineteen, effective on July 1, 1972. On that date Linda was twenty years old having been born on April 19, 1952. By legislative act, she attained her majority on July 1, 1972, before she was married. Therefore, absent the potential application of any other tolling rules, the period of limitations would have expired on July 1, 1973—one year after Linda attained her age of majority.

In 1990, the legislature added section 614.8A, entitled "Damages for child sexual abuse—time limitation," to the Iowa Code. 1990 Iowa Acts ch. 1241, § 2. This section provides the following:

> An action for damages for injury suffered as a result of sexual abuse which occurred when the injured person was a child, but not discovered until after the injured person is of the age of majority, shall be brought within four years from the time of discovery by the injured party of both the injury and the causal relationship between the injury and the sexual abuse.

Iowa Code § 614.8A (1991).

The legislature did not specify the effective date of this section. Under Iowa Code section 3.7(1), this statute therefore took effect on the first day of July following its passage or July 1, 1990. Linda filed this action on September 5, 1991. The defendants argue that application of section 614.8A to the circumstances of this case would amount to an improper retroactive application of the stat-ute. They assert that since Linda's suit would have been barred under the statute of limitations which existed at the time of the events giving rise to her cause of action, the new statute cannot revive her potential claim. The defendants also contend that the legislature only intended the section to apply to causes of action which have arisen since July 1, 1990.

The plaintiffs counter the defendants' assertions by contending that under Iowa law, procedural statutes apply retroactively unless the legislature expressly indicates a contrary intent. The plaintiffs argue that because section 614.8A is a procedural statute and does not impair any substantive rights of the defendants, it applies retroactively.

B. Our legislature has provided a statutory general rule that determines the applicability of its laws. Iowa Code section 4.5 (1993) provides, "A statute is presumed to be prospective in its operation unless expressly made retrospective." The preference of the legislature for prospectivity is further stated in Iowa Code section 3.7(6) (1993): "Unless retroactive effectiveness is specifically provided for in an Act or resolution, an Act or resolution which is enacted after an effective date provided in the Act or resolution shall take effect upon the date of enactment."

A law is retroactive if it affects acts or facts which occurred, or rights which accrued, before the law came into force. Black's Law Dictionary 1184 (5th ed. 1979); see also Smith v. Korf, 302 N.W.2d 137, 138 (Iowa 1981); Walker State Bank v. Chipokas, 228 N.W.2d 49, 51 (Iowa 1975). We presume that all statutes the legislature enacts are to apply prospectively; that is, they are to apply only to actions which arise after the effective date of the statute, unless the legislature expressly indicates they are to apply retroactively. First Nat'l Bank v. Diers, 430 N.W.2d 412, 414 (Iowa 1988); City of Waverly v. Iowa Dep't of Job Serv., 383 N.W.2d 513, 514 (Iowa 1986); Bascom v. District Court, 231 Iowa 360, 362, 1 N.W.2d 220, 221 (1941); see also Mason v. State, 309 Md. 215, 522 A.2d 1344, 1345 (1987); State Farm v. Hearn, 242 Md. 575, 219 A.2d 820, 824 (1966); Thompson v. Merritt, 192 Mich.App. 412, 481

N.W.2d 735, 738 (1991); *State v. Dimmler,* 456 N.W.2d 297, 298 (N.D.1990). In applying the statutory directive of section 4.5 to determine whether a statute shall apply solely prospectively or retrospectively, we also look to the intent of the legislature. *Diers,* 430 N.W.2d at 414; *City of Waverly,* 383 N.W.2d at 514; *Walker State Bank,* 228 N.W.2d at 51; *see also Mason,* 522 A.2d at 1345.

C. We have had occasion through the years to consider whether a statute has retrospective effect.

In *Secrest v. Galloway Co.,* 239 Iowa 168, 172, 30 N.W.2d 793, 796 (1948), a statute limiting the time for review of a worker's compensation award was deemed a statute of limitations and was held not to be retroactive. We said, "The rule, apparently, of almost universal application, is, however, that a statute of limitations will be given retroactive effect only when it appears by express provision or necessary implication that such was the legislative intent." *Id.*

*Schulte v. Wageman,* relied on by plaintiffs, does not involve a question of retroactivity as in the present case. *Schulte v. Wageman,* 465 N.W.2d 285, 287 (Iowa 1991). In *Schulte,* the statute relied on as a bar was held to be unconstitutional and was subsequently repealed by the Iowa legislature. *Id.* We then held that a paternity suit was not barred under these circumstances. *Id.* at 287–88.

In *Doe v. Cherwitz,* 518 N.W.2d 362, 363 (Iowa 1994), we were asked by the federal court to determine the retroactivity question herein considered in interpreting section 614.8A. We did not reach this question, however, because we answered a preliminary question, holding that section 614.8A did not apply to the plaintiff who was not a "child" at the time of the alleged act of sexual abuse. *Id.* at 363–64.

Plaintiffs seek support for their argument for applying the statute retroactively from cases that have made a distinction between statutes affecting substantive rights and those dealing with procedure. They argue that section 614.8A relates to procedure or remedy rather than right or substance. *See State ex rel. Turner v. Limbrecht,* 246 N.W.2d 330, 332 (Iowa 1976), *overruled on other grounds, City of Waverly v. Iowa Dep't of Job Serv.,* 383 N.W.2d 513, 515 (Iowa 1986). As such, it would be applied retrospectively as well as prospectively. *See also Bascom,* 231 Iowa at 364, 1 N.W.2d at 222; *Walker State Bank,* 228 N.W.2d at 51.

We have found this distinction helpful in determining legislative intent from an analysis of the effect of the statute. At the same time we have carried out the legislative mandate of Iowa Code section 4.5 regarding prospectivity.

In *First National Bank v. Diers,* 430 N.W.2d 412, 414 (Iowa 1988), we found the plain language of a statute, involving the redemption from the sale of a homestead, required that the statute be applied prospectively only. We also reasoned that a retroactive application of the statute would not have been intended by the legislature because the result would have been that no one could have complied with the redemption time requirements that had previously expired. Thus, the result of a retroactive interpretation would have been to authorize a useless act. We also noted that a legislative attempt to make the redemption law of Iowa Code section 654.16 retroactive was struck down as an unconstitutional interference with private contractual relations. *See Federal Land Bank v. Arnold,* 426 N.W.2d 153, 161 (Iowa 1988).

In *Diers* we found intent to apply the statute prospectively from the language "this act applies to actions filed on or after the effective date of this act." *Diers,* 430 N.W.2d at 414. From this language we concluded that "the plain language of the statute requires that section 654.16 be applied prospectively." *Id.*

When the legislature passed Iowa Code section 614.8A it stated in section 3, "This Act is applicable to all actions filed on or after the effective date of the Act." 1990 Iowa Acts ch. 1241, § 3. Excepting the addition of the word "all," this language is a verbatim recital of the statutory language we considered in *Diers.* Consistent with the plain language of the statute and the prospective interpretation of *Diers,* plaintiffs' filing of their action after July 1, 1990, would

facially appear to meet the statutory time requirements of Iowa Code section 614.8A; however, the decision we made in *Diers* rejected a retrospective interpretation that would have altered the law that fixed substantive rights of the parties. It also did not present any issue of claims already barred by a statute of limitations.

In other cases we have refused to revive previously barred claims. In *Thompson v. Read*, 41 Iowa 48, 48 (1875), the plaintiff, an Iowa resident, sought to recover payment on certain notes from the defendant who was a resident of Minnesota at the time of the transaction. The applicable Iowa statute of limitations provided that when another state's statute of limitations already barred an action, the bar would operate as a defense in Iowa just as it would have in the other state. *Id.* at 49. The Minnesota statute of limitations had expired six years previous to the institution of the action. The transaction at issue took place in Iowa. The legislature amended the Iowa statute of limitations, apparently after the Minnesota statute of limitations had already expired, to provide that the Iowa provision would not apply to causes of action which arose in Iowa. The plaintiff argued that the amended provision revived the expired cause of action. *Id.* The court looked to the intent of the legislature in enacting the statute and held that the legislature intended

> to preserve the rights and conditions of defendants in actions as they had been recognized and settled by the laws of the states where they had previously resided; a result, certainly, in accord with the principles of comity prevailing among the states of the union.

*Id.* at 49–50. We held that an amendment of a statute of limitations could not apply retrospectively to disturb rights acquired under the prior enactment. *Id.* at 50. In contrast, where the statute provided that it was intended to apply to causes of action which have already accrued and are not yet barred, our court held the statute was retrospective. *Montgomery v. Chadwick*, 7 Iowa 114, 132–33 (1858).

*In re Estate of Weidman*, 476 N.W.2d 357, 364 (Iowa 1991), *cert. denied, Weidman v.*

*Stahlhut*, 503 U.S. 975, 112 S.Ct. 1596, 118 L.Ed.2d 311 (1992), involved a will contest. The issue before the court was whether an amended statute of limitations would effectively revive a will contestant's action which had previously been barred by the statute of limitations. *Id.* at 359. We said

> "A general rule with respect to statutes of limitations is that the period of limitation in effect at the time suit is brought governs in an action even though it may lengthen or shorten an earlier period of limitation.... However, another general rule ... is that if plaintiff's suit was barred by the running of a statute of limitations prior to the extension of the limitation period, the subsequent statute cannot revive defendant's liability."

*Id.* at 363–64 (quoting *In re M.D.H.*, 437 N.E.2d 119, 130 (Ind.Ct.App.1982)). We further stated

> This general rule has been followed and further explained by this court and federal courts applying Iowa law. Previously, we have held that the statute of limitations in effect at the time the cause of action accrues is controlling and that the repeal or amendment of a statute of limitations cannot act retrospectively to revive actions previously barred under a prior statute in the absence of express legislative intent.

*Id.* at 364 (citing *Secrest v. Galloway Co.*, 239 Iowa at 172, 30 N.W.2d at 796; *Tischer v. City of Council Bluffs*, 231 Iowa 1134, 1149, 3 N.W.2d 166, 174 (Iowa 1942); *McDonald v. Jackson*, 55 Iowa 37, 38–39, 7 N.W. 408, 409 (1880); *Thompson v. Read*, 41 Iowa at 50; *Montgomery v. Chadwick*, 7 Iowa at 132–33). We continued to say, "Federal courts applying Iowa law have not allowed retroactive application of an amended statute of limitations." *Id.* (citing *In re Alodex Corp. Sec. Litig.*, 392 F.Supp. 672, 680–81 (S.D.Iowa 1975), *aff'd*, 533 F.2d 372 (8th Cir.1976); *Keen v. Mid–Continent Petroleum Corp.*, 63 F.Supp. 120, 128 (N.D.Iowa 1945), *aff'd*, 157 F.2d 310 (8th Cir.1946)). Applying these general principles, we held the later statute could not be applied retroactively to revive claims already barred by the expiration of time under the prior statute of limitations.

■ Consistent with our case law and these general principles, we hold section 614.8A does not apply retroactively to revive claims that have been barred by an applicable statute of limitations in existence prior to the enactment of section 614.8A. In determining whether a claim has been barred by an applicable statute of limitations, however, application of the discovery rule must be made as a necessary step in that resolution.

In *Claus v. Whyle*, 526 N.W.2d 519 (Iowa 1994), we applied the discovery rule in interpreting section 614.8A. In that case the victim of sex abuse was thirteen at the time of the incident. *Id.* at 521. On September 20, 1989 she married. She "discovered" the 1987 abuse by remembering in a flashback which occurred in the latter part of 1990 or the first part of 1991 after she had become a legal adult through marriage. *Id.* Section 614.8A was effective on July 1, 1990 and therefore applied to the date of "discovery" of the sexual abuse. *Id.* at 525. Ruling that section 614.8A applied we stated as follows:

> As section 614.8A allows an adult to bring an action up until four years after discovery of sexual abuse, Beverly Jo is well within the statute of limitations of section 614.8A relative to the November 7, 1987 incident.
>
> We, therefore, conclude that the trial court properly allowed Beverly Jo to bring an action against her father for the November 7, 1987 abuse and correctly rejected defendants' argument that the proper statutes of limitations for this incident were Iowa Code sections 614.1(2) and 614.8.

*Id.* The discovery by the injured party in *Claus* in late 1990 or 1991 of the injury and the causal relationship between the injury and the sexual abuse, occurred after the effective date of the statute, section 614.8A, which was July 1, 1990.

Our common law discovery rule thus applies to claims filed prior to the enactment of section 614.8A, and the statutory discovery rule of section 614.8A applies to actions filed thereafter. Claims barred by preexisting statutes of limitation are not revived by either discovery rule. Whether sufficient discovery by a victim has occurred to initiate the running of a statute of limitations is a question of fact to be determined on a case-by-case basis.

Other states have reached the same conclusion that barred claims cannot be revived. For instance, in *D.P. v. M.J.O.*, 266 Ill. App.3d 1029, 203 Ill.Dec. 950, 955, 640 N.E.2d 1323, 1328 (1994), the Illinois Court of Appeals explained

> We agree that had this section been time barred in 1990, the enactment of the amendatory act under § 13–202.2 would not have been effective to revive an otherwise time barred action.
>
> . . . .
>
> In Illinois, as in the majority of jurisdictions, the right to set up the bar of the statute of limitations, after the statute has run, as a defense to a cause of action, has been held to be a vested right which cannot be taken away by statute, regardless of the nature of the cause of action.
>
> . . . .
>
> Nor would the language of § 13–202.2(e) indicate a legislative intent to give retroactive application to the provisions of the amendatory act in face of the constitutional infirmaties which Illinois has recognized in attempting to revive a time barred action.

*Id.; accord Chance v. American Honda Motor Co.*, 635 So.2d 177 (La.1994); *Hopkins v. Lincoln Trust Co.*, 233 N.Y. 213, 135 N.E. 267 (1922).

Thus, our answer to certified question one is "No."

## III. Due Process and Equal Protection

Because of our answer to certified question one, we need not answer certified questions two and three.

## IV. Scope of Statute

■ In response to certified question four, we first note that Iowa Code section 614.8A applies to "action[s] for damages for injur[ies] suffered as a result of sexual abuse." Iowa Code § 614.8A. In *Doe v. Cherwitz*, 518 N.W.2d 362, 364 (Iowa 1994), we analyzed the meaning of the words "child" and "sexual abuse" as used in the statute. In

deciding that the meaning was to be found by reference to the criminal code, we quoted Iowa Code section 709.1 which defines "sexual abuse" and stated, "We believe the 1990 Act makes it clear that the terms 'sexual abuse' and 'child' are to be defined by the criminal code and that 'child' for these purposes means one under the age of fourteen." *Id.* at 364. We have also said that a statute of limitations should not be extended or applied to cases not clearly within the provisions of the statute. *Welp v. Iowa Dep't of Revenue,* 333 N.W.2d 481, 484 (Iowa 1983).

In *Langner v. Simpson,* 533 N.W.2d 511, 515 (Iowa 1995), we addressed issues arising under section 614.1(9), the statute of limitations on medical malpractice. That statute applies to injuries to the person "arising out of patient care." Iowa Code § 614.1(9) (1989). The petition by plaintiff Langner had alleged six claims against defendant Simpson. The claims included psychiatric malpractice, intentional infliction of emotional distress, slander per se, slander, invasion of privacy, and breach of contract. We said

> We agree with Simpson that Iowa Code section 614.1(9)—the malpractice statute of limitations—applies to all of the claims the Langners assert against him and the hospital. The italicized language makes clear that all injuries arising out of patient care are covered by the statute. All of the claims in the Langners' petition arose out of injuries allegedly suffered while Kathy was under the care of Simpson and the hospital.

*Langner,* 533 N.W.2d at 516.

The conclusion we reached in *Langner* of the meaning of "arising out of patient care" bears on the scope of application of the language "as a result of sexual abuse" as used in section 614.8A.

We believe the language of section 614.8A applies to claims causally connected to sexual abuse. Therefore, in order for the tolling provisions of section 614.8A to apply to a cause of action, sexual abuse as defined in section 709.1 must have been the cause of the injuries in question.

■ The following additional claims brought by plaintiff clearly withstand this scrutiny: The claims alleged to have been the result of sexual abuse founded on assault, battery, and intentional infliction of emotional distress. Count XVII, the claim for loss of spousal consortium brought by the husband of Linda Frideres is not included within the realm of section 614.8A. In *Claus v. Whyle,* 526 N.W.2d at 527, we affirmed our view that no cause of action will be recognized for loss of spousal consortium when the underlying acts occurred prior to the marriage. Without a marital relationship at the time of the alleged sexual abuse, a spouse has no right to bring a cause of action for loss of consortium. Under these circumstances, the discovery rule is not applicable.

In the present case, because the alleged sexual abuse occurred before the marriage of plaintiff, there is no loss of consortium available to her husband under section 614.8A. *See Beeck v. Aquaslide 'N' Dive Corp.,* 350 N.W.2d 149, 167 (Iowa 1984).

The concepts of "failure to protect," either intentionally or negligently, and "premises liability," as they relate to a claim of sexual abuse, are discussed in divisions VII and IX.

Thus, in answer to certified question number four, section 614.8A applies to claims arising from an act of sexual abuse. Therefore, it applies to any of Linda Frideres' theories of liability recognized in law to the extent she seeks recovery for injuries resulting from sexual abuse.

## V. Vagueness

■ The defendants argue section 614.8A is unconstitutionally void for vagueness because it does not place a defendant on notice that it includes claims other than a direct claim of sexual abuse. This argument is without merit. The United States Supreme Court has recognized a noncriminal statute is unconstitutionally vague under the due process clause only when its terms fail to convey sufficiently definite warning of the proscribed conduct as measured by common understanding. *Arnett v. Kennedy,* 416 U.S. 134, 158–64, 94 S.Ct. 1633, 1646–47, 40 L.Ed.2d 15, 35–39 (1974); *see also Hearst v. Iowa Dep't of Revenue & Fin.,* 461 N.W.2d 295, 307 (Iowa 1990). If an ordinary person exer-

cising common sense can sufficiently understand its prohibitions, such a statute is not unconstitutionally vague. *Broadrick v. Oklahoma*, 413 U.S. 601, 607, 93 S.Ct. 2908, 2913, 37 L.Ed.2d 830, 837 (1973). When this court has been confronted with vagueness challenges, we have explained that a statute meets the constitutional requirements if its meaning is "fairly ascertainable by reference to similar statutes, other judicial determinations, and to the dictionary." *Hearst*, 461 N.W.2d at 307; *see also Iron Workers v. Hart*, 191 N.W.2d 758, 772 (Iowa 1971). We have also stated that even in cases where more specific language could be devised, "in the absence of criminal sanctions a statute requires less literal exactitude to comport with due process," and will be upheld unless it "clearly, palpably, and without doubt infringes the constitution." *Hearst*, 461 N.W.2d at 307; *see also Lee Enter., Inc. v. Iowa State Tax Comm'n*, 162 N.W.2d 730, 739 (Iowa 1968).

■ An ordinary person of common sense can read the plain language of section 614.8A and determine it encompasses any actions asserting damages resulting from sexual abuse. It does not include claims for damages not having a causal connection to sexual abuse. Because a reasonable person would not be forced to guess as to its scope, the statute is not void for vagueness and therefore the answer to certified question five is "No."

## VI. Discovery Rule

In *Chrischilles v. Griswold*, 260 Iowa 453, 461–62, 150 N.W.2d 94, 99–100 (1967), we adopted a common law discovery rule. We said a cause of action based on negligent design of a house by an architect did not accrue until the plaintiff discovered he had suffered injury or by the exercise of reasonable diligence should have discovered it. *Id.* at 463, 150 N.W.2d at 100.

In *Callahan v. State*, 464 N.W.2d 268, 272 (Iowa 1990), we applied the discovery rule against the State of Iowa in a claim for damages under Iowa Code chapter 25A. We noted the legislature's passage of section 614.8A which states a statutory discovery rule. *Id.* at 273. Citing this as evidence of a strong public policy, we held that a claim against the state under chapter 25A does not accrue until the plaintiff knows or in the exercise of reasonable care should have known both the fact of the injury and its cause. *See also Wilber v. Owens–Corning Fiberglas Corp.*, 476 N.W.2d 74 (Iowa 1991) (applying discovery rule to latent discovery of mesothelioma by worker).

We adopted the discovery rule again in answering certified questions from the federal court in *Doe v. Cherwitz*, 518 N.W.2d at 363–64. The claim in *Doe* as well as in *Callahan* was for damages for sexual abuse suffered by the plaintiff. *Id.* at 363; *Callahan*, 464 N.W.2d at 272.

■ The common law discovery rule requires that the plaintiff know or in the exercise of reasonable care should have known both the fact of the injury and its cause. Consequently, a person who has always remembered some specific act or acts of sexual abuse may rely on the discovery rule in those instances where the nexus between those specific acts and the claimed injuries is not discovered until a time less than two years prior to commencement of the action. *See Doe*, 518 N.W.2d at 364.

## VII. Negligent Failure to Protect

In *Jahnke v. City of Des Moines*, 191 N.W.2d 780, 788 (Iowa 1971), we affirmed the dismissal of a lawsuit against the city that claimed liability based on a theory that the city negligently failed to protect the plaintiff from the riotous conduct of an unlawful assemblage of citizens. We held the plaintiff had failed to state a cause of action upon which relief could be granted. *Id.* at 788.

Our court of appeals considered and rejected a claim against a professional referee based on a theory that the officiating was below the accepted standard of competence. *Bain v. Gillispie*, 357 N.W.2d 47, 49–50 (Iowa Ct.App.1984). The court found that an independent tort of referee malpractice was not recognized and did not exist. *Id.* at 49.

In *Wagner v. Smith*, 340 N.W.2d 255, 256 (Iowa 1983), we discussed the liability of a parent for injuries sustained by a child

caused by the parent in negligently supervising the child. The lawsuit was framed as one of ordinary negligence. *Id.* at 256.

In answer to certified question number seven, Iowa does not recognize a distinct cause of action denominated "failure to protect" separate and apart from a negligence cause of action. However, allegations of parental failures to protect their children from sexual abuse may be asserted based on ordinary tort principles. *See Pierce v. Society of Sisters,* 268 U.S. 510, 535, 45 S.Ct. 571, 573, 69 L.Ed. 1070, 1078 (1925); *Turner v. Turner,* 304 N.W.2d 786, 789 (Iowa 1981); *Stubbs v. Hammond,* 257 Iowa 1071, 1075, 135 N.W.2d 540, 543 (1965).

## VIII. Parental Immunity

With respect to certified question eight we have addressed the issue of parental immunity in *Wagner v. Smith,* 340 N.W.2d 255 (Iowa 1983). We there held that a parent is immune from liability for alleged negligent acts emanating from the parent-child relationship if the act involves an exercise of parental authority over the child; or parental discretion in respect to the provision of food, clothing, shelter, education, medical and dental services, and other care. *Id.* at 256. Clearly, there is no parental immunity from a negligence claim of a child when the parent knows of and allows sexual abuse of the child.

## IX. Premises Liability

Regarding certified question nine, we find the principles regarding parental immunity set out in *Wagner* apply to parental actions whether they occur on the premises controlled by the parents of a child or elsewhere. *See id.*

**CERTIFIED QUESTIONS ANSWERED.**