STATE PUBLIC DEFENDER,
Plaintiff,

v.

IOWA DISTRICT COURT FOR
JONES, LEE, AND HENRY
COUNTIES, Defendant.

No. 98–1005.

Supreme Court of Iowa.

May 31, 2001.

Thomas G. Becker, State Public Defender, and Mark C. Smith, First Assistant State Public Defender, for plaintiff.

Philip B. Mears, Iowa City, for defendant.

CARTER, Justice.

In these consolidated original certiorari actions, the State Public Defender challenges the district courts' allowance of court-appointed-counsel fees in several postconviction actions brought under Iowa Code section 822.2(6) (1997). After reviewing the record and considering the arguments presented, we annul the writs of certiorari.

The question presented is entirely one of statutory interpretation. Each of the attorney-fee applications at issue involves a claim submitted prior to March 31, 1998, and ruled on by the district court between March 31, 1998, and June 30, 1998. These claims were approved by the district court based on a sixty-dollar hourly rate.

Judges in the judicial districts where these services were performed had regularly approved a sixty-dollar hourly rate for court-appointed services performed in this type of case prior to July 1, 1996. Some of the attorney-fee claims considered in the rulings now being reviewed involved services performed prior to July 1, 1996, and the State Public Defender did not challenge the sixty-dollar hourly rate that was applied by the court in allowing those claims.

The State Public Defender initially challenged the attorney-fee claims at issue here on the ground that a 1996 amendment to Iowa Code section 815.7 (1996 Iowa Acts ch. 1193, § 8) limits court-appointed fee applicants in claims for postconviction relief under Iowa Code chapter

822 to the same hourly rate that a "contract attorney" would receive in a similar case. We considered the effect of this statute on court-appointed attorney fees in contempt proceedings in *State Public Defender v. Iowa District Court*, 594 N.W.2d 38 (Iowa 1999). We held in that case that, because there was no source for payment of the fees other than section 815.7, the fee applicants in contempt cases must be treated the same as the other fee applicants whose compensation is to come from that fund. *State Pub. Defender*, 594 N.W.2d at 40.

■ The present case differs from the case limiting fees in contempt matters because, as defendants urge, at the time the services at issue here were performed, there was a source for payment other than section 815.7. Prior to March 31, 1998, Iowa Code section 822.5 provided:

1. If the applicant is unable to pay court costs and expenses of legal representation, including stenographic, printing, or other legal services or consultation, these costs and expenses shall be made available to the applicant in the preparation of the application, in the trial court, and on review. However, nothing in this section shall be interpreted to require payment of expenses of legal representation, including stenographic, printing, or other legal services or consultation, when the applicant is self-represented or is utilizing the services of an inmate.

2. If an applicant confined in a state institution seeks relief under section 822.2, subsection 6, and the court finds in favor of the applicant, or when relief is denied and costs and expenses referred to in subjection 1 cannot be collected from the applicant, these costs and expenses initially shall be paid by the county in which the application was filed. The facts of payment and the proceedings on which it is based, with a statement of the amount of costs and expenses incurred, shall be submitted to the county in a timely manner with approval in writing by the presiding or district judge appended to the statement or endorsed on it, and shall be certified by the clerk of the district court under seal to the state executive council. The executive council shall review the proceedings and authorize reimbursement for the costs and expenses or for that part which the executive council finds justified, and shall notify the director of revenue and finance to draw a warrant to the county treasurer on the state general fund for the amount authorized.

During the time that this statute was in effect, attorney-fee claims of court-appointed counsel in section 822.2(6) cases were not affected by section 815.7.

On March 31, 1998, the legislature enacted a bill, effective upon enactment, amending subsection 2 of section 822.5 so as to change the words "initially shall be paid by the county in which the application was filed" to "shall be paid by the state public defender from the indigent defense fund in accordance with the procedures applicable in section 815.7." 1998 Iowa Acts ch. 1016, § 1. The March 31, 1998 enactment deleted the provision for submitting the claims to the executive council. *Id.* It provided that, if prior reimbursement to counties by the executive council was less than the amount the counties were required to pay under court order, the State Appeal Board should reimburse the counties for the difference. *Id.* § 2. The bill provided that "This Act, being deemed of immediate importance, takes effect upon enactment and applies retroactively to any claims for costs and expenses which are or were approved by a presiding

or district judge on or before the effective date of this Act." *Id.* § 3.[1]

The State Public Defender does not dispute the fact that the attorney services at issue were subject to funding by the counties under section 822.5(2) at the time they were performed. He argues, however, that the language quoted in the preceding paragraph retroactively relegates these claims to payment from the indigent defense fund, which he administers. We agree with that contention. He further urges that, because the claims must be paid from that fund, they are subject to the hourly fee limitation applicable to contract attorneys under section 815.7. We do not agree with that contention.

■ Legislative enactments normally operate prospectively to only affect matters occurring after the effective date of the statute. *Frideres v. Schiltz,* 540 N.W.2d 261, 264–65 (Iowa 1995); *McKinley v. Waterloo R.R.,* 368 N.W.2d 131, 136 (Iowa 1985). That is the rule of interpretation codified in Iowa Code section 4.5, unless the legislature has expressly directed otherwise. Our analysis of the retroactivity language contained in subsection 3 of 1998 Iowa Acts chapter 1016, section 1 convinces us that it does not support the result for which the State Public Defender argues.

The retroactivity language of subsection 3 of 1998 Iowa Acts chapter 1016, section 1 only speaks to claims approved by a judge prior to the date of the 1998 amendment to section 822.5. This language only establishes that those attorney-fee claims finally resolved but not paid prior to the date of the amendment were to be paid from the indigent defense fund. Implicit in this statutory scheme is the intent that claims for fees that are resolved after the date that the amendment became effective are also to be paid from this fund. Nothing in the language of the amendment suggests, however, that fees to be allowed for services performed prior to the time that 1998 Iowa Acts chapter 1016, section 1 became effective were to be limited by the hourly rates of contract attorneys. If, as the State Public Defender suggests, the language "in accordance with the procedures applicable in section 815.7" incorporates the "contract rate" limitation contained in that statute, a question we need not decide, this is only true for services performed after March 31, 1998.

Our interpretation is consistent with general legal principles involving the retroactive application of statutes and prevents an injustice of the type recognized in an analogous federal court decision. In *Jensen v. Clarke,* 94 F.3d 1191 (8th Cir.1996), the court, in deciding whether the Prison Litigation Reform Act, 18 U.S.C. § 3626 and 42 U.S.C. § 1997, serves to reduce attorney-fee entitlements for services performed prior to the statute's enactment, observed:

> [T]he plaintiffs and their attorneys have proceeded from the outset under the assumption that [the prior attorney-fee standard] would apply to this case.... It would be "manifestly unjust" to upset those reasonable expectations and impose new guidelines at this late date.

*Jensen,* 94 F.3d at 1203. It would be similarly unjust to retroactively impose new fee guidelines in the present case.

1. Later in the same legislative session another bill (1998 Iowa Acts ch. 1132 § 1) was approved and signed into law which once again rewrote section 822.5. This enactment superseded 1998 Iowa Acts chapter 1016 on July 1, 1998. *See* Iowa Code § 4.8 (if statutes enacted at same session of legislature are irreconcilable, statute latest in date prevails).

We have considered all issues presented and conclude that the writs of certiorari should be annulled.

**WRITS ANNULLED.**